JOHN T. FORD, by his Guardian, JOHN THORP, Plaintiff, v. MORDECAI KENNEDY, DANIEL CHANDLER and D. H. HUNTINGTON, Defendants.

*Action to recover possession of real estate.—Adjourned from Polk Co.*

Heirs of settlers, in Oregon, who died prior to 27th September, 1850, cannot inherit or hold land by virtue of residence and cultivation of their ancestors.

*Logan & Pratt,* counsel for plaintiff.

*Boise & Grover,* counsel for defendants.

WILLIAMS, C. J. Plaintiff avers that he is entitled to the land described in his complaint, by virtue of the act of Congress of September 27th, A. D. 1850, making donations to settlers in Oregon, as the only heir at law of his father and mother, Marcus and Amanda Ford.

Ford *v.* Kennedy.

Defendants deny the right of plaintiff, on the ground that the said Marcus and Amanda died before the passage of the said act of Congress.

Plaintiff demurs to this answer, and presents the question, as to whether the heirs of persons who settled and died in Oregon prior to September 27th, 1850, can inherit or hold the lands claimed and occupied by such decedents.

Reliance for a recovery in this case is placed upon that clause of section four of said act, which says, "In all cases when such married persons have complied with the provisions of this act, so as to entitle them to the grant as above provided, whether under the late provisional government of Oregon or since, and either shall have died before patent issues, the heirs shall be entitled," &c.

Marcus and Amanda Ford, it is said, were married persons, and complied with the provisions of the donation act under the provisional government of Oregon ; and having died before patent issued, plaintiff, as their son and heir, is entitled to hold what his parents would have held if living at the present time.

Notice must be taken of that part of the above quoted clause, which describes the married persons whose heirs may take ; for it does not say "all" married persons, but "such" married persons, evidently referring to a class of married persons antecedently described. Looking at the preceding part of section four, we find that the right to take donations under that section is restricted to persons "now residing in said territory, or who shall become residents thereof on or before the first day of December, 1850." "Such," then, in that clause of the act first cited, relates to the foregoing as well as to other qualifications of grantees under that section, and makes said clause mean as if it read, "In all cases, married persons now residing in, or who shall become residents," &c. When the donation act passed, in no sense could it be said of plaintiff's parents that they were then residing in, or ever afterwards became residents of Oregon ; and manifestly, therefore, they did not fall within that class of persons entitled to

the benefit of the fourth section.   Marcus and Amanda Ford, then, having acquired no rights under said act of Congress, could, of course, transmit none to plaintiff, as "heirs of the deceased;" nor can he take by purchase, as has been contended, for he has not complied, and his parents did not and could not comply with the conditions of a purchase, so as to vest the title in either.   Some effort has been made to argue that the words, "shall have died before patent issues," in the clause first quoted, indicates persons dying before, as well as subsequent, to the passage of the act; but these words are in that form of expression usually employed to signify the happening of some future event, upon some other contingency in the future; and in any view, the contest, as has been shown, is conclusive against the argument.

To construe the donation act so as to invest persons, dead before its passage, with an inheritable interest in the public lands of this territory, would be not only to give the said act a retrospective operation, contrary to a sound construction of the statutes, but to open a Pandora box of evils upon the community; for the heirs of those early settlers, who died before 1850, would rise up with their unknown and undiscoverable titles to supplant others who found the land thus claimed vacant, and took it, in good faith, as a part of the public domain.   Something has been said about the right of the plaintiff to hold under the eighth section of said act; but to give that section any other than a prospective operation is to do violence to language; and the mischief resulting from giving it a retro-active effect, would be infinitely greater than would follow from a like construction of section four.   By an amendment of the donation act, approved July 17th, 1854, Congress has given a legislative construction of said act, which accords with the one here given, and, at the same time, has made provisions for plaintiff, and persons in his condition.

Judgment for defendants.